# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NELSON,

      Plaintiff,

    v.

B. DREHER, *et al.*,

      Defendants.

No. 4:22-CV-01566

(Chief Judge Brann)

## MEMORANDUM OPINION

### DECEMBER 8, 2022

Plaintiff Michael Nelson is currently incarcerated at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania.  He filed the instant *pro se* Section 1983[1] action in October 2022, claiming a constitutional violation by various SCI Mahanoy officials concerning the handling of his legal mail.  Because Nelson fails to state a claim for relief, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

## I.       STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the]

---

3   *Id.* § 1915A(b)(1).

4   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

5   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

6   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

7   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

8   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Nelson proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Nelson, is incarcerated.[14]

## II.    DISCUSSION

Before addressing the sufficiency of the complaint, the Court must identify the claimed constitutional violation.[15]  Nelson's allegations are not complicated. He asserts that on May 27, 2022, a piece of his legal mail was received and

---

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]  *Iqbal*, 556 U.S. at 681.

[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

[15]  *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).

processed at SCI Mahanoy but then held in the security office for 23 days until June 18, 2022.[16]  Nelson alleges that he should have received this mail on May 28 and Defendants knowingly "failed to give it to [him]."[17]  Nelson further alleges that, because this piece of legal mail (containing court orders) was held for 23 days, he was forced to file a motion in another pending civil case seeking to waive this Court's requirement to file supporting briefs.[18]

Nelson contends that Defendants' actions represent "a clear denial of [a]ccess to the [c]ourts in violation of [his] First Amendment" rights.[19]  He also references the Fourteenth Amendment's due process protections.[20]  Thus, Nelson is asserting a Section 1983 claim of First and Fourteenth Amendment denial of access to the courts.  He also appears to be raising a state-law negligence claim.[21]  Careful examination of Nelson's constitutional claim demonstrates that his complaint is fatally deficient in numerous respects.

### A.  Denial of Access to the Courts

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts."[22]  Inmates, however,

---

[16]  Doc. 1 ¶ 11.
[17]  *Id.*
[18]  *See id.* ¶ 15; LOCAL RULE OF COURT 7.5.
[19]  Doc. 1 ¶ 15; *see also id.* ¶ 17.
[20]  See *id.* ¶ 18.
[21]  *See id.* ¶¶ 1, 19 (labeled as a second paragraph "18").
[22]  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).

may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement."[23]  To adequately plead an access-to-courts claim that is backward-looking in nature,[24] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[25]  The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy."[26]

Simple recitation of the elements of an access-to-courts claim reveals that Nelson's complaint fails at every turn.  First, Nelson's allegations do not involve a direct or collateral challenge to a sentence or a conditions-of-confinement claim. The underlying lawsuit he references is a separate civil rights action asserting deliberate indifference to serious medical needs.[27]  Second, Nelson has not alleged that he suffered a cognizable injury, *i.e.*, that he lost the chance to pursue a nonfrivolous post-conviction challenge or conditions-of-confinement claim.  The Court observes that the legal mail that Nelson claims was held for 23 days by

---

[23]  *Id.* (citing *Lewis*, 518 U.S. at 354-55).
[24]  There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time."  *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).
[25]  *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415).
[26]  *See Christopher*, 536 U.S. at 416-17.
[27]  *See generally Nelson v. Hauser*, No. 4:22-CV-686, Doc. 1 (M.D. Pa. May 10, 2022).

prison officials appears to be two May 25 orders (from a different civil rights lawsuit) denying several of Nelson's motions *without prejudice*.[28]  Thus, Nelson did not lose the chance to pursue a claim (or even a motion), nor is the lawsuit that he is referencing one that is cognizable in an access-to-courts action in the first place.  Third, Nelson has not pled facts showing that he has no other remedy than a Section 1983 denial-of-access lawsuit.  As just one example of an alternate remedy, Nelson, if he believed that the retention of his legal mail affected his other lawsuit, could simply have moved the Court in that case for relief.  Thus, because Nelson's complaint fails at every element, this claim must be dismissed.

### B.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [the PLRA] should receive leave to amend unless amendment would be inequitable or futile."[29]  Nelson's access-to-courts claim, however, is fatally flawed and cannot be salvaged through amendment.  From the facts alleged, it is clear that Nelson has not, and cannot, state an access-to-courts claim.  Although Nelson falters at every element, the most critical—and incurable— deficiency is that he is not alleging that the interference with his legal mail

---

[28]   *See* Doc. 1-7 at 1; *Nelson v. Hauser*, No. 4:22-CV-686, Docs. 13, 14 (M.D. Pa. May 25, 2022).
[29]   *Grayson*, 293 F.3d at 114.

prevented him from pursuing a direct or collateral challenge to a sentence or a conditions-of-confinement claim.  Thus, granting leave to amend would be futile.[30]

Additionally, because the federal claim in this lawsuit is being dismissed with prejudice, the Court will decline to exercise supplemental jurisdiction over any state-law negligence claim that Nelson may be attempting to raise.[31]  Nelson, if he desires, may assert such a claim in state court.

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Nelson's Section 1983 access-to-courts claim pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  The Court declines to exercise supplemental jurisdiction over his state-law negligence claim.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[30]  Nelson filed a proposed amended complaint approximately one month after his initial complaint.  *See* Doc. 9.  This amended complaint was filed in contravention of the Federal Rules of Civil Procedure because it was not filed within 21 days after service of the original complaint, *see* FED. R. CIV. P. 15(a)(1)(A), 21 days after service of a responsive pleading, *see* FED. R. CIV. P. 15(a)(1)(B), or with written consent of Defendants or leave of court, *see* FED. R. CIV. P. 15(a)(2).  It also failed to comply with Local Rule of Court 15.1.  Thus, this proposed amended complaint will be stricken from the record.  The Court additionally observes that the amended pleading fails to state a claim for relief for all the same reasons that the original complaint is deficient.

[31]  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (explaining general rule that if all federal claims are dismissed, courts should likewise dismiss pendent state-law claims).